1  KAREN P. HEWITT
   United States Attorney
2  LAWRENCE A. CASPER
   Assistant United States Attorney
3  California State Bar No. 235110
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7455/(619)235-2757 (Fax)
   Lawrence.casper@usdoj.gov
6
7  Attorneys for Plaintiff
   United States of America
8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3268-W |
|---|---|---|
| Plaintiff, | ) ) | DATE:  January 28, 2008 |
| | ) | TIME:  2:00 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S MOTIONS FOR |
| JUAN CARLOS HUESOS-RAMOS, | ) ) | (1) RECIPROCAL DISCOVERY; AND |
| Defendant. | ) | (2) FINGERPRINT EXEMPLARS |
| | ) | |

16      Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT,

17 United States Attorney, and LAWRENCE A. CASPER, Assistant United States Attorney, hereby moves

18 the court for an order granting the Government's Motions for Reciprocal Discovery and for Fingerprint

19 Exemplars.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**I**

**GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY**

**A.   All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), the Government requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.   Reciprocal Jencks – Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**II**

**GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

Absent a written stipulation that the fingerprints taken at the time of Defendant's arrest in the instant case are indeed Defendant's, the Government requests that Defendant be ordered to make himself

available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

DATED: January 23, 2008

                              Respectfully Submitted,

                              KAREN P. HEWITT
                              United States Attorney

                              s/Lawrence A. Casper
                              _____
                              LAWRENCE A. CASPER
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3268-W |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JUAN CARLOS HUESOS-RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Lawrence A. Casper, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY AND MOTION TO COMPEL FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Knut S. Johnson

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**1.    None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2008.

                                                                                 s/ Lawrence A. Casper
                                                                                 LAWRENCE A. CASPER