1  **RUSSELL S. BABCOCK**
   California State Bar No. 99130
2  Certified Specialist, Criminal Law
   State Bar of California Board of Legal Specialization
3  LAW OFFICES OF RUSSELL S. BABCOCK
   1400 Sixth Avenue, Ste. 210B
4  San Diego, California 92101
   Russbab@aol.com
5  (619) 531-0887

6  Attorneys for Defendant,

7

8                 **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10               **HONORABLE THOMAS J. WHELAN**

11
   UNITED STATES OF AMERICA,          )    CASE NO. 07CR3268-W
12                                     )
                       Plaintiff,      )    NOTICE OF MOTION AND
13                                     )    MOTION FOR DISCOVERY
           v.                          )    AND DISCLOSURE
14                                     )
                                       )    DATED: January 28, 2008
15                                     )    TIME:   2:00 p.m.
   JUAN CARLOS HUESOS,                 )
16                                     )
                       Defendant.      )
17 _____    )

18 **TO:   KAREN HEWITT, UNITED STATES ATTORNEY AND LARRY CASPER,
          ASSISTANT UNITED STATES ATTORNEY:**
19
          PLEASE TAKE NOTICE that on January 28, 2008  at 2:00 p..m.., or as soon
20
   thereafter as counsel may be heard, the defendant, Juan Carlos Huesos, by and through his
21
   counsel Russell S. Babcock, will move this Court to enter an Order providing discovery as
22
   set forth in more detail hereinafter.
23
          This motion is based upon the instant Notice of Motion and Motion, Rule 16, Federal
24
   Rules of Criminal Procedure, the Due Process Clause of the United States Constitution, the
25
   attached Points and Authorities, the files and records in this cause and any and all matters
26
   that may be brought to the attention of this Court prior to the determination of this motion.
27
28 DATED: January 24, 2008                    Respectfully submitted,

                                              /s/ Russell S. Babcock
                                              RUSSELL S. BABCOCK
                                              Attorney for Defendant

1 **RUSSELL S. BABCOCK**
California State Bar No. 99130
2 Certified Specialist, Criminal Law
State Bar of California Board of Legal Specialization
3 LAW OFFICES OF RUSSELL S. BABCOCK
1400 Sixth Avenue, Ste. 210B
4 San Diego, California 92101
Russbab@aol.com
5 (619) 531-0887

6 Attorneys for Defendant
**Juan Carlos Huesos**

7

8

9                    **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11              **HONORABLE THOMAS J. WHELAN**

12
UNITED STATES OF AMERICA,        )        CASE NO. 07 CR 3268-W
13                                 )
                    Plaintiff,     )        NOTICE OF MOTION AND
14                                 )        MOTION FOR DISCOVERY
      v.                           )        AND DISCLOSURE
15                                 )
                                   )        DATED: January 28, 2008
16 JUAN CARLOS HUESOS,             )        TIME:    2:00 p.m.
                    Defendant.     )
17 _____ )

18
                        **TABLE OF CONTENTS**
19
I     REQUESTED DISCOVERY AND DISCLOSURE ...................... 1
20
      A.    General Request ........................................ 1
21
      B.    Specific Requests Re: Witnesses ............................. 4
22
      C.    Specific Requests Re: Informants ............................. 5
23
II    ARGUMENT ................................................. 7
24
      A.    Defendant's Statements-Rule 16(a)(1)(A) ........................... 7
25
      B.    Written or Recorded Statements of Defendant ..................... 7
26
      C.    Oral Statements to Persons not Government Agents ............... 11
27
      D.    Documents and Tangible Objections Under Rule 16(a)(1)(A) ....... 11
28
      E.    Reports of Examinations and Tests-Rule 16 (a)(1)(D) ............. 13

F.    Defendant is Entitled to Disclosure of any Notes, Tape Recordings, Conversations, etc. Between Himself and any Confidential Informant and/or Government Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

G.    The Accused is Entitled to Notes Prepared by the Government Agents    14

H.    Disclosure of Intent to Rely on Evidence of Similar Acts or Crimes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

I.    Specific Requests Re: Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

    1.    Conviction Records  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

    2.    Misconduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

    3.    Consideration or Promises  . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

    4.    Bias . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

III    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

1                                         **I**

2                **REQUESTED DISCOVERY AND DISCLOSURE**

3                                       **(A)**

4                              **General Request**

5        1.      All pre-indictment and post-indictment statements of the defendant whether

6   recorded or unrecorded, oral or written, signed or unsigned made to Government agents,

7   which are relevant to the crimes charged, either with or without his knowledge that such

8   persons were Government agents at the time he made said statements;

9        2.      All pre-indictment and post-indictment statements of the defendant whether

10  recorded or unrecorded, oral or written, signed or unsigned made to persons other than

11  Government agents, which are relevant to the crimes charged, and whom the government

12  intends to call as witnesses in this case;

13       3.      All pre-indictment and post-indictment statements of the defendant whether

14  recorded or unrecorded, oral or written, signed or unsigned made to persons other than

15  Government agents, which are relevant to the crimes charged and either exculpatory or

16  inculpatory, whom the Government does not intend to call as witnesses in this case;

17       4.      All documents and other tangible objects which are material to the

18  preparation of the defense, or are intended for "use" by the Government at the trial of this

19  case in its case-in-chief or in rebuttal, or which were obtained from or belong to the

20  defendant;

21       5.      The reports of any scientific tests, examinations, or experiments, or physical

22  or mental examinations, or copies thereof, including, but not limited to: (1) a statement of

23  all material or other information or sources considered by the examiner in arriving at an

24  opinion, the methodology used, and the findings and conclusions of the examiner, (2) a

25  resume and curriculum vitae of the examiner's qualifications, experience, subject matter

26  of the examiner's testimony, and prior occasions of testimony as an expert, and (3) any

27  worksheets, photographs, notes or other things used to assist the examiner in reaching an

28  opinion and recording the process or methodology of reaching an opinion;

                                         1

1        6.      The names of all persons the Government intends to call as witnesses at the

2   trial in its case-in-chief;

3        7.      The statements of all persons the Government expects to call as witnesses at

4   the trial of this case;

5        8.      All pre-indictment and post-indictment statements of alleged co-conspirators

6   whether or not indicted, either recorded or unrecorded, oral or written, signed or unsigned

7   made to Government agents, which are relevant to the crimes charged, either with or

8   without their knowledge that such persons were Government agents at the time they made

9   such statements;

10       9.      All pre-indictment and post-indictment statements of alleged co-conspirators

11  whether or not indicted, either recorded or unrecorded, oral or written, signed or unsigned

12  made to persons other than Government agents, which are relevant to the crimes charged,

13  and whom the Government intends to call as witnesses in this cases;

14       10.     The conviction records of all witnesses the Government intends to call in its

15  case-in-chief or rebuttal;

16       11.     The full and complete extent of any dealing with, or promises or inducements

17  to, prospective Government witnesses in this case made by Government attorneys, agents,

18  and employees;

19       12.     Notice of the Government's intention to use any evidence (in its case-in-chief

20  at trial) which defendants may be entitled to suppress under Rule 4 (a)(12) or 41 of the

21  Federal Rules of Criminal Procedure, the Fourth, Fifth, or Sixth Amendments to the United

22  States Constitution, and 18 U.S.C. Sections 2510, 2515, 2518, and 3504;

23       13.     The Grand Jury testimony of all participating witnesses in and percipient

24  witnesses to the crimes herein charged against the defendants;

25       14.     The copies of any and all search warrants (including Affidavits in Support

26  Thereof and Inventories listing articles seized when executing said warrant) that resulted

27  in the seizure of evidence or the fruits thereof, which the Government intends to introduce

28  into evidence in its case-in chief or in rebuttal;

         15.     All information in whatever form, source or nature which is favorable to the

1  defense and material to the issues of either guilt or punishment, either through an indication

2  of the defendants' innocence, negation of any elements of the charged offenses, or through

3  the potential impeachment of Government witnesses or contradiction of Government

4  evidence; and all information which may be or become of benefit to the defendant in

5  preparing for or presenting the merits of the defense at trial;

6       16.    All documents and other tangible objects that tend to show acts or crimes not

7  named in the Indictment which the Government may use to prove defendant's motive,

8  opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident;

9       17.    The names and addresses of all witnesses the Government intends to or may

10  utilize to show acts or crimes not named in the Indictment to prove defendant's motive,

11  opportunity, preparation, plan knowledge, identity, or absence of mistake or accident;

12       18.    Disclosure by the Government of its intent to utilize evidence of acts or

13  crimes not named in the Indictment to prove defendant's motive, opportunity, preparation,

14  plan, knowledge, density, or absence of mistake or accident;

15                                              **(B)**

16                              **Specific Request Re: Witnesses**

17       1.    Any and all records and information revealing prior felony convictions or

18  guilty verdicts attributed to each witness called by the Government including but not limited

19  to relevant "rap sheets."

20       2.    Any and all records and information revealing prior misconduct or bad acts

21  attributed to the witness.

22       3.    Any and all consideration or promises of consideration given to or on behalf

23  of the witness or expected or hoped for by the witness.  By "consideration," defendant

24  refers to absolutely anything, whether bargained for or not, which arguably could be of

25  value or use to a witness or to persons of concern to the witness, including but not limited

26  to formal or informal, direct or indirect: Lenience, favorable treatment or recommendations

27  or other assistance with respect to any pending or potential criminal, parole, probation,

28  pardon, clemency, civil, tax court, court of claims, administrative, or other dispute with

plaintiff or with any other authority or with any other parties; payments of money, rewards

1  or fees, witness fees and special witness fees, provisions of food, clothing, shelter,

2  transportation, legal services, or other benefits; placement in a "witness protection

3  program," informer status of the witness; and anything else which arguably could reveal an

4  interest, motive, or bias in the witness in favor of the Government or against the defense

5  or act as an inducement to testify or to color testimony.

6        4.     Any and all threats, express or implied, direct or indirect, or other coercion

7  made or directed against the witness; criminal prosecutions, investigations, or potential

8  prosecutions pending or which could be brought against the witness; any probationary,

9  parole, deferred prosecution or custodial status of the witness; and any civil, tax court, court

10  of claims, administrative, or other pending or potential legal disputes or transactions with

11  the Government or over which the Government has real, apparent, or perceived influence.

12        5.     Any and all other records and/or information which arguably could be helpful

13  or useful to the defense in impeaching or otherwise detracting from the probative of the

14  plaintiff's evidence or which arguably could lead to such records or information.

15                                               **(C)**

16                       **Specific Requests Re: Informants**

17        1.     The names and identity of the Government informants used in this case.

18        2.     The present residence address, business address, and all other information

19  regarding the present location of said informants.

20        3.     Information concerning what inquiries and arrangements have been made by

21  the Government to keep in touch with and locate said informants.

22        4.     All "recommendations" for sentencing that the Government may request at

23  the "sentencing" of each informant.

24        5.     All agreements to accept a plea to a "reduced" offense to, in effect, limit the

25  amount of incarceration of the informants.

26        6.     A list of all crimes that the Government agreed to either cease investigating,

27  or not prosecute, or not to refer for filing against each informant.

28        7.     A list of all offenses that the Government has learned of subsequent to any

agreement with each informant, that the Government will not now investigate or prosecute

4

1   because of its prior agreement with the informants.

2        8.    A list of any "recommendations," "suggestions," or any other conduct

3   favorable to the accused that the Government supplied to the probation department or

4   parole commission regarding the ending of probation or a parole date for each informant

5   in this matter.

6        9.    An "accounting" of all funds paid to each informant in the instant matter for

7   "information," "reward," "travel," "expense," etc., from the beginning of the investigation

8   in the instant case up to and including the present time and to the commencement of the

9   trial.

10       10.    A list of "investigations" that have been commenced or continued based upon

11  information from each informant in the instant matter.

12       11.    A list of all offenses known by the Government to be committed by each

13  informant in the instant matter subsequent to his original agreement to cooperate with the

14  Government in this matter, if any.

15       12.    A list of any "offenses," "misconduct," or "violation of rules" committed by

16  each informant.

17       13.    Any other "inducements," "rewards," or "benefits" that have been directly or

18  indirectly provided to each informant in this matter for his cooperation in this case, or any

19  other case.

20                                          **II**

21                                      **ARGUMENT**

22                                          **(A)**

23                **Defendant's Statements - Rule 16 (a) (1) (A)**

24       Disclosure of the statements of a defendant covered by Rule 16 (a)(1)(A) is

25  mandatory. The Advisory Committee states that whatever ambiguity existed on this point

26  prior to the 1974 proposals has now been resolved in the discretion of "more liberal

27  discovery." 62  F.R.D.  at 308.

28

**(B)**

**Written or Recorded Statements of Defendant**

With respect to the matters constituting a discoverable written or recorded "statement" of the defendants under Rule 16 (a)(1)(A), a number of principles have emerged:

(1)   The contents of the statements may be either inculpatory, exculpatory, or neutral; in fact it need not be a confession or an admission of an element of the offense.  It is sufficient for discovery that the statement is relevant to the crime charged.  United States v. Manettes, 551 F . 2d     1352, 1356, (5th Cir. 1977);  United States v. Flecha, 442  F. Supp.  1044,  1046, n.2 (E.D.  Pa.  1977).

(2)   The statement is producible regardless of whether it is to be used by the Government as part of its case-in-chief or for possible rebuttal or impeachment United States v. Caldwell, 543 F.  2d 1333, 1352, n.93 (D.C. Cir.1974);  United States v. Taylor, 536 F.2d 1343, 1345, (10th Cir. 1976); United States v. Johnson, 525 F.2d 999 (2nd Cir. 1975).

(3)   The statement need not be made after the arrest of the defendant.  If it is discoverable within the Rule, it is discoverable whenever made.  United States v. Isa, 413 F.2d 244 (7th Cir. 1969): United States v. Marshal, 354 F.Supp. 1005 (S.D.  N.Y. 1973).

(4)   A statement written out or signed by the defendant need not be made or addressed to any agent of the Government or intended for the view of the Government; any document written out or signed by the defendant which is relevant to the crime charged is discoverable.  United States v. Caldwell, supra at 1352, n.93; United States v. Ahmad, 53 F.R.D. 186, 190 (N.D. Pa. 1971).

(5)   The statement need not be written out by defendant or be a written document signed by him.  An oral statement recorded by mechanical, electrical, or other means, such as stenography, is discoverable.  United States v. Walk. supra; Bryant v. United States, supra.

(6)   The statement need not be a recital of past occurrences to be discoverable. It may itself constitute a part of the alleged offense or be made in the course of the

6

1  commission of the offense.  Specifically, tape recordings of a defendant's conversations

2  with informants, undercover agents, or anyone else, which relate to the crime charged, are

3  discoverable.  United States v. Caldwell, supra; at 1352, n.93; United States v. Walker,

4  supra; United States v. James, 495 F.2d 434 (5th Cir.), cert. den. 419 U.S. 899 (1974);

5  United States v. Crisona, supra; United States v. Isa, supra; United States v. Iovinelli, supra;

6  United States v. Iovinelli, supra; United States v. Nolte, supra.  Even if such recordings

7  were not held to be statements of a defendant under Rule 16 (a)(1)(A), they would

8  constitute tangible objects discoverable under Rule 16 (a)(1)(C).  United States v.

9  Lombosky, 277 F.Supp. 713, 720, (N.D. Ill. 1967); United States v. Leighton, 265 F.Supp.

10  27, 34 (S.D. N.Y. 1967):

11          (7)    An oral statement of defendant, recited or summarized in an investigative

12  report or in the notes of a Government investigator is discoverable under Rule 16 (a) (1) (A)

13  as a "written or recorded statement" without regard to whether it is verbatim or when the

14  report or notes were made.  United States v. Parker, 549 F.2d 1217 (9th Cir.), cert. den. 430

15  U.S. 971 (1977); United States v. Harris, 543 F.2d 1247 (9th Cir. 1976); United States v.

16  Johnson, supra; United States v. Cageyama, 252 F.Supp. 284, 285 (D. Hawaii 1966); see

17  United States v. Morrison, 43 F.R.D. 516, 519 (N.D. Ill. 1967).

18          The imposition of the substantially verbatim, contemporaneously recorded standard

19  as required by the Jencks Act is inappropriate in the interpretation of Rule 16 (a)(1)(A).

20  The reason for this standard in the Jencks Act is that the use of a prior statement of a

21  witness is limited to impeachment after he testifies at trial.  See: Palermo v. United States

22  390 U.S. 343, 79 S.Ct. 1217 (1959).  The Jencks Act prescribed this standard to assure that

23  a witness would be impeached only by statements constituting a presumptively accurate

24  rendition of what the witness actually said.  But the policy behind pre-trial disclosure of a

25  defendant's statements embodied in Rule 16 contemplates a number of different uses of

26  such statement by the defense: Learning what the Government proposes to prove, deciding

27  whether the defendant should testify at trial, and obtaining investigative leads.  All of these

28  purposes are furthered by granting access to the oral statements of the defendant, regardless

of whether they are substantially verbatim or contemporaneously recorded.  Indeed, it may

1  be far more important to the defense to know what the prosecution will contend the

2  defendant said than to know what he actually said.  Moreover, the Jencks Act itself contains

3  an exception for the statements of the defendant from its restriction on pre-trial discovery

4  of witness statements.  Title 18 U.S.C. Section 3500 (a); see, United States v. Garrett, 305

5  F.Supp. 267 (S.D. N.Y.1969)

6  **(C)**

7  **Oral Statements to Persons not Government Agents**

8       It is the contention of defendant that discovery of oral statements that he may have

9  made to persons not Government agents is authorized under Rule 16 or under the inherent

10  power of the Court.  Prior to the 1975 amendment of Rule 16, there was substantial

11  authority holding that such statements were producible.  United States v. Crisona, supra;

12  United States v. Villa, supra; United States v. Iovinelli, supra; United States v. Ahamd,

13  supra.  As previously indicated, the 1975 amendments to Rule 16 were intended to expand

14  the scope of available discovery, not to contract it.  There is nothing in the advisory

15  Committee note evidencing and intention to reject the decisions which had allowed

16  discovery of statements in this category.  As one court has recognized, there is

17  "fundamental fairness" involved in "granting the accused equal access to his own words,

18  no matter how the Government came by them."  United States v. Caldwell, supra; at 1352.

19  Therefore, the defendant is entitled to a copy of any statements that he may have make that

20  are presently in the possession of the Government.  United States v. Feinberg, 502 F.2d

21  1180, 1182 (7th Cir.), cert. den. 429 U.S. 926 (1974).

22  **(D)**

23  **Documents and Tangible Objects Under Rule 16 (a)(1)(A)**

24       This subdivision of the Rule grants a right of discovery to the defendant of

25  documents or other tangible objects in three specified situations: (a) those which are

26  "material" to the preparation of this defense; (b) those which are intended for use by the

27  Government as evidence in its case-in-chief at trial; and (c) those which were obtained from

28  or belong to the defendant

     The concept of "material" as used in this subdivision of the Rule is a broad one.

8

1  Under former Rule 16(b), the predecessor of this provision, it was held that the defendant

2  was entitled to discovery of matters which were part of the prosecution's case and matters

3  which might support the defendant's case or rebut or impeach the evidence against him.

4  United States v. Francher, 195 F.Supp. 448, 449, 450 (D.Conn.1961);  United States

5  v.Greater Blouse, Skirt and Neckwear Contractors Assn., 177 F.Supp. 213 (S.D. N.Y.

6  1959).  In this regard, defendant requests that the Government provide him with copies of

7  all warrants, inventories, and affidavits in support  thereof, so that he might know what

8  warrants, if any, the Government  relied upon to seize property and what property was

9  seized pursuant to these warrants.  The discovery of this information will allow defendant

10  to determine what motions, if any, should be raised prior to his trial.  There is no reason to

11  limit the provisions of the Rule to Brady material.  Brady imposes a due process obligation

12  on the Government to disclose favorable evidence to the accused irrespective of the

13  provisions of the Rules and, because of this, there is no need for the provision of the Rules

14  to be limited to Brady material.  United States v. Narcisco, 446 F. Supp. 252 (E.D. Mich.

15  1977).

16       The requirement that the Government disclose the documents and tangible objects

17  it intends to use in its case-in-chief at trial is unequivocal.  United States v. Goldman, 439

18  F. Supp. 377, 351 (S.D. N.Y.); United States v. Tanner 279 F. Supp. 457, 472 (N.D. Ill.

19  1967).  It has been held that the phrase "intended for use by the Government as evidence

20  in chief at trial" includes not only documents to be marked and offered by the Government,

21  but also documents to be relied on or referred to in any way by any Government witness

22  during the Government's case-in-chief.  United States v. Countryside Farms, 428 F. Supp.

23  1150 (D. Utah 1977).

24       The requirement that the Government disclose documents and other tangible objects

25  obtained from or belonging to the defendant was also the practice under Rule 16 even prior

26  to the 1975 amendments.  62 F.R.D. at 312.

27

28

**(E)**

**Reports of Examinations and Tests - Rule 16 (a) (1) (D)**

Under the explicit language of this section of the Rules, defendant is entitled to be provided with the results of any scientific analysis of the evidence.  United States v. White, 450 F.2d 264 (5th Cir.), cert. den. 404  U.S. 1072 (1971); United States v. Cook, 432 F.2d 1093 (7th Cir. 1970);  United States v. Kelly, 420 F. 2d 26 (2nd Cir. 1960); United States v. Hart, 344 F. 2d 522 (E.D. N.Y. 1972).

**(F)**

**Defendant  Is Entitled to  Disclosure of any
Notes, Tape Recordings, Conversations, etc..
Between Himself and any Confidential
Informant and/or Government Witnesses**

The accused is entitled in the federal system to more than the identity and whereabouts of an informant.  Cases have held that the accused is entitled to the following information with regard to the informant:

(1)     Any evidence disclosing the informant's arrangement or agreement with the Government.  United States v. Joseph, 533 F.2d 282 (5th Cir. 1976).

(2)     The name and address of the prospective Government witnesses unless the Government can affirmatively show that coercion or harm would come to the witness. United States v. Moceri, 359  F.Supp 431 (N.D. Ohio 1973).

(3)     The Government is required to disclose to the accused any letters or communications of the informant with the Government setting forth past favors that the Government has conveyed on the informant or requests for favors that the informant has asked of the Government.  United States v. Sperling,  506 F.2d 1324 (2nd Cir.) cert. den. 419 U.S. 847 (1973).

(4)     The accused is entitled to payment vouchers reflecting payments that the informant has received.  United States v. Phillips.  482 F. 2d 1355 (9th Cir. ), cert. den. 419 U.S. 847 (1973).

(5)     The accused is entitled to copies of any tape recordings between the accused and the informant dealing with the charged offenses.  United States v. James, supra.

10

1    (6)    The accused is entitled to informant notes prepared by the informant or

2    prepared by the Government agents and acknowledged by the informant.  United States v.

3    Carrasco, 537 F.2d 372 (9th Cir. 1976).

**(G)**

**The Accused Is Entitled to Notes**
**Prepared by the Government Agents**

It is the law in the Ninth Circuit that notes prepared by Government agents must be

preserved until the Court has had an opportunity to determine whether they are "producible"

and that the Government may not destroy said notes without prior judicial approval.  United

States v. Parker, supra;  United States v. Harris, supra.

**(H)**

**Disclosure of Intent to Rely on Evidence**

**Of Similar Acts or Crimes**

To sustain the charges in the Indictment, the Government will be required to prove

that the defendant willfully and knowingly committed the offenses alleged.  Knowledge and

intent are often primarily shown by circumstantial evidence.  In this regard, the government

may introduce evidence of other acts or wrongs different from those alleged in the

Indictment to prove a defendant's motive, opportunity, preparation, plan, knowledge,

identity, or absence of mistake or accident under Rule 404 (b) of the Federal Rules of

Evidence.  Although rule 404 (b) does not require that advance notice be given when other

crimes or wrongs will be shown at trial, the court has the power to require the Government

to disclose its intent to rely on other crimes, wrongs, or acts.  Weinstein's Evidence, Section

404 (01), pages 404-413.

There is authority that the failure of the Government to reveal prior to trial the

identity of the person which the Government will rely upon to show similar acts or wrongs

at the trial may result in a reversal.  United States v. Baum, 482 F. 2d 1328, 1331, (2nd Cir.

1973).  The defendant anticipates that the Government will attempt to rely upon evidence

of other wrongs, acts, or crimes to demonstrate defendant's knowledge, intent, or motive

to participate in the offenses alleged in the Indictment.   Given the seriousness and

11

1 | complexity of the charge, defendant contends he would be denied his Fifth Amendment

2 | right to due process of law and his Sixth Amendment right to assistance of counsel if the

3 | Government is permitted to conceal the identities of the persons and the tangible evidence

4 | upon which it intends to rely to show similar acts or wrongs at the time of trial.

5

**(I)**

6

**SPECIFIC REQUESTS RE: WITNESSES**

7 | To help focus the duty of disclosure, the defendant is making specific requests for

8 | disclosure, itemizing likely sources of impeaching information within the knowledge of

9 | possession of the Government.  See, United States v. Agurs, 427 U.S. 97, 106 (1976); Note,

10 | The Prosecutor's Duty to Disclose After United States v. Agurs, (1977 U.Ill.) L.F. 690, 696,

11 | 698, 705, 709, 718.

12

**(1)**

13

**Conviction Records**

14 | Defendant's request for information regarding prior felony convictions and juvenile

15 | adjudications invokes a classic avenue of impeachment and appears directly within the

16 | ambit of Rule 609 of the Rules of Evidence.  The Conference Committee Report to that

17 | Rule speaks in terms of ". . . the need for the trier of fact to have as much relevant evidence

18 | on the issue of credibility as possible" H.R. Rep. 93-1597, 93rd Cong., 2d Sess. 9 (1974).

19 | Accord, Lewis v. United States, 408 a.2d 303, 307, 307 (D.C. App. 1979). See generally,

20 | Beaudine v. United States, 368 F.2d 417, 421-22 (5th cir. 1966).  The inclusion of "guilty

21 | verdicts" in the request from recent decisions authorizing their use, even though not reduced

22 | to judgment, for purposes of impeachment.  United States v. Caraday, 466 F. ed. 1191 (9th

23 | Cir. 1972) (per curiam); United States v. Ross, 526 F.2d 745 (8th Cir.), cert. den., 426 U.S.

24 | 905 (1976).  Disclosure is plainly in order.  E.g., United States v. Quinn, 364 F.Supp. 432,

25 | 445 (N.D. Ga. 1973), aff'd. on other grounds, 514 F.2d 1250 (5th Cir. 1975); United States

26 | v. Moceri, supra.  Discovery should also extend to production of any and all so-called "rap

27 | sheets" for witnesses.  United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977).

28 | Pretrial disclosure should be ordered so that defense counsel can conduct appropriate

investigation and interviews and otherwise prepare for trial.  It should be ordered so that

1  counsel can participate intelligently in jury selection, present a knowledgeable opening

2  statement and, of course, undertake effective cross-examination.  And, it should be ordered

3  so that the Court and jury are spared unnecessary delays at trial.    The practical

4  considerations of judicial economy were described by McCarthy in "Pre-Trial Discovery

5  in Federal Court," Chap. 3b, Illinois Criminal Practice (2d Ed.1974), at 3b-39:

6            In moving for the criminal records of government witnesses,
           trial judges should be reminded of the trial difficulty and delay
7            which might otherwise arise where the motion is denied.
           Assume the government witness did have a criminal record,
8            one usable to impeach.  Assume further that this fact became
           known to defense counsel during trial. (Where this fact known
9            to the prosecutor, not brought to counsel's attention, Brady v.
           Maryland, supra, could be expected to be urged at a subsequent
10           appeal or post-conviction proceeding when and if this
           information does become know.)    To properly impeach,
11           counsel should inquire of the witness if he is the same Joe
           James who was convicted of the crime of, say, robbery on
12           February 5, 1971, in the Circuit Court of Cook County.  If,
           however, counsel does not have the information required --
13           i.e., the nature of the offense, the conviction date and the court
           -- his impeachment may be formally incomplete and possibly
14           precluded.  More drastically, assume the witness does not
           recall or denies the past conviction [.] [I]n order to impeach [,]
15           defendant's counsel would need to introduce in evidence proof
           of the prior conviction in the form of a certified record of the
16           conviction. Obtaining this evidence might well delay the trial.

17        In recognition of such problems, some District Courts now routinely require pretrial

18  disclosure of criminal records of Government witnesses by a standing discovery order.

19  E.g., United States v. Compagnuolo, 592 F.2d 852, 857, n.1 (5th Cir. 1979) (Southern

20  district of Florida Standing Discovery Order); United States v. Leichtfuss, supra at 736

21  (N.D. Ill. 1971) (presiding Judge's standard practice).

22                                      **(2)**

23                                  **Misconduct**

24        The Federal Rules of Evidence also give the Court discretion to permit a defendant

25  cross-examination of a witness as to specific instances of misconduct, so-called "bad acts,"

26  even though such behavior does not amount to felony conviction, if the evidence impeaches

27  the witness' truthfulness. Rule 608(b), Federal Rules of Evidence.  The enactment appears

28  to alter prior law in several circuits.  3 Weinstein's Evidence, Paragraph 608(5) at 608-25

   (1976).  The purpose of such testimony is specifically to attack the witness' character and

                                         13

1   not to establish bias, interest, or prejudice.  See McCormick, Evidence, Section 52 at 83

2   (2nd Ed. 1972).  Since this is a permissible area of inquiry, the prosecution must disclose

3   to the defense any behavior by its witnesses which arguably constitutes such "bad acts."

4                                           **(3)**

5                             **Consideration or Promises**

6        The Government has an institutional obligation to disclose any and all consideration

7   which it has held out to a witness or which the witness subjectively hopes for or anticipates,

8   since such consideration directly gives rise to the inference of bias or interest.  See

9   generally, United States v. Mayer, 556 F.2d 245, 248 (5th Cir. 1977) (cross-examination

10   of a prosecution witness who has had prior dealings with the prosecution or other law

11   enforcement officials "ought to be given the largest possible scope"; conviction reversed).

12   A common example of such matter which must be disclosed to the defense is the making

13   of promises or the holding out of other inducements for a witness to cooperate and testify

14   against the defendant.  E.g., Annuniziato v. Manson, 556 F.2d 410 (2nd Cir. 1977); United

15   States v. Sanfilippo, (4th Cir. 1976); United States v. Tashman, 478 F.2d 129 (5th Cir.

16   1973); United States v. Harris, 462 F.2d 1033 (10th Cir. 1972).  In Giglio v. United States,

17   405 U.S. 150 (1972), the Supreme Court made plain that this duty is an affirmative one

18   which the government must discharge responsibly, and the ignorance of one prosecutor

19   does not excuse the failure to disclose.

20        In the instant case, the prosecution is obliged to exercise due diligence to determine

21   what consideration, broadly defined, it has offered to its witnesses, or bestowed upon them,

22   or which they hope for or expect, and to disclose this impeaching information to the

23   defense. The obligation includes total compensation or benefits paid to or expected by each

24   witness, e.g., United States v. Leja, 568 F.2d 493 (6th Cir. 1977); United States v. Partin,

25   493 F.2d 750, 757-60 (5th Cir. 1974); see, United States v. Antone, 603 F.2d 566, 569-70

26   (5th Cir. 1979); (attorney's fees paid by state law enforcement officers cooperating in the

27   investigation), any beneficial treatment in the tax area, e.g., United States v. Wolfson, 437

28   F.2d 862, 874-5 (2nd Cir. 1970), any assistance in the business world, e.g., United States

  v. DiCarlo, 575 F.2d 952, 958-60 (1st Cir.), cert. den., 439 U.S. 834 (1978); any assistance

1  in avoiding prosecution by other authorities, e.g., <u>Azbill v. Poque</u>, 534 F.2d 195, 196 (9th

2  Cir. 1976); any immunity grants, e.g., <u>United States v. Dillars</u>, 419 F.Supp.1000 (N.D. Ill.

3  1976), omission from being <u>named</u> in an indictment as an indicted co-conspirator, relief

4  from forfeiture, e.g., <u>United States v. Parness</u>, 408 F.Supp. 440, 444-45 (S.D..N.Y. 1975),

5  assistance in bonding out of custody, e.g., <u>United States v. Garza</u>, 574 f.2d 298, 301-2 (5th

6  Cir. 1978), placement in protective custody, e.g., <u>United States v. Librach</u>, 520 F.2d 550

7  (8th Cir. 1975), <u>cert</u>. <u>den</u>., 429 U.S. 939 (1976), and status as an informer, i.e., <u>United States</u>

8  <u>v. Mele</u>, 462 F.2d 918 (2nd Cir. 1972).  These examples, of course, are only intended to

9  make the principle clear and do not exhaust the range of "consideration."

10      To be clearer, the prosecution should disclose such sources of bias, motive, or

11  interest as potential financial reward by the United States, <u>Wheeler v. United States</u>, 351

12  F.2d 946 (1st Cir. 1965), or through its efforts, <u>United States v. McCrane</u>, 547 F.2d 204

13  (3rd Cir. 1976) (<u>per curiam</u>); <u>Patriarca v. United States</u>, 402 F.2d 315, 319, (1st Cir. 1968),

14  or on the other hand, the potential of civil tax liability to the United States -- even though

15  no promises or consideration or compromise may have been made.  Although such

16  inducements are, of course, relevant, a witness's expectations or hopes are also important.

17  <u>United States v. Mayer</u>, <u>supra</u> at 249-50; <u>Parkas v. United States</u> 2 F.2d 644, 647 (6th Cir.

18  1924), <u>cited with approval in</u> <u>Alford v. United States</u>, 282 U.S. 687, 693 (1931).

19                                      **(4)**

20                                     **Bias**

21      In addition to promises of consideration which might promote a witness' cooperation

22  with the Government, the accused is entitled to be advised of any matter which might cause

23  a witness to color his testimony in favor of the Government out of fear or interest in self-

24  preservation.  E.g., <u>United States v. Sutton</u>, 542 F.2d 1239 (4th Cir. 1976) (threat by F.B.I.

25  agent to prosecute witness intended to induce witness' cooperation).

26

27

28

                                     15

1

**CONCLUSION**

2      Based upon the above-mentioned reasons, defendant respectfully submits that he is

3   entitled to the discovery and disclosure sought herein.

4

DATED: January 24, 2008                                Respectfully submitted,

5

6

                                                       /s/ Russell S. Babcock
7                                                      RUSSELL S. BABCOCK
                                                       Attorney for Defendant
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16